## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE GARY S. KATZMAN

|  |  |
|---|---|
| **AMSTED RAIL COMPANY, INC., ASF-K DE MEXICO S. DE R.L. DE C.V., STRATO, INC., WABTEC CORP. AND TTX COMPANY,** | |
| **Plaintiffs,** | |
| **v.** | **Court No. 22-00307** |
| **UNITED STATES INTERNATIONAL TRADE COMMISSION,** | |
| **Defendant,** | |
| **and** | |
| **COALITION OF FREIGHT RAIL COUPLER PRODUCERS,** | |
| **Defendant-Intervenor.** | |

### DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**JANE C. DEMPSEY**
Attorney-Advisor
Jane.Dempsey@usitc.gov
Telephone: (202) 205-3142

**DAVID A.J. GOLDFINE**
Attorney-Advisor
David.Goldfine@usitc.gov
Telephone: (202) 708-5452

**ANDREA C. CASSON**
Assistant General Counsel for Litigation
Andrea.Casson@usitc.gov
Telephone: (202) 205-3105
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436

*Attorneys for Defendant*
*U.S. International Trade Commission*

**DATED: OCTOBER 24, 2022**

## <u>TABLE OF CONTENTS</u>

Table of Authorities ................................................................................................ iii

I.      Introduction ................................................................................................ 1

II.     The Complaint Should be Dismissed for Failure to Exhaust
        Administrative Remedies and Mootness ..................................................... 1

III.    The Court Lacks Jurisdiction Over the Subject Matter of
        Plaintiffs' Complaint ................................................................................... 3

        A.      The Trade Statute Reflects Congress' Intent to Limit Judicial
                Review of the Agency's Exercise of its Discretion to Approve
                APO Access to BPI in Antidumping and Countervailing
                Duty Proceedings ............................................................................. 3

        B.      Plaintiffs Ignore the Plain Language of the Statute in Their
                Invocation of Section 1581(i) Jurisdiction ....................................... 3

        C.      Plaintiffs' Request for Judicial Review is Premature .......................... 7

        D.      The Administrative Procedure Act Does Not Confer
                Jurisdiction Over this Action ............................................................ 9

        E.      28 U.S.C. § 1585 Does Not Confer Jurisdiction Over this Action .......... 11

IV.     Plaintiffs Have Failed to State a Claim for Which Relief Can be Granted....... 12

V.      Conclusion .................................................................................................. 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                 **Page(s)**

*Abbott Lab. v. Gardener,*
    387 U.S. 136 (1967) ................................................................................................10

*Califano v. Sanders,*
    430 U.S. 99 (1977) ..................................................................................................10

*Fed. Trade Comm'n v. Standard Oil Co.,*
    449 U.S. 232 (1980) ................................................................................................10

*Gerdau Ameristeel Corp. v. United States,*
    519 F.3d 1336 (Fed. Cir. 2008) .................................................................................2

*Gov't of the People's Republic of China v. United States,*
    31 CIT 451, 483 F. Supp. 2d 1274 (2007) ..............................................................11

*Heckler v. Chaney,*
    105 S. Ct. 1649 (1985) ..............................................................................................3

*Hyundai Pipe Co. Ltd. v. U.S. Dep't of Commerce,*
    11 CIT 238 (1987) ..............................................................................................8, 9

*Intercontinental Chems. v. United States,*
    483 F. Supp. 3d 1232 (Ct. Int'l Trade 2020) ..........................................................11

*Koyo Seiko Co., Ltd. et al. v. United States,*
    13 CIT 461, 715 F. Supp. 1097 (1989) ...............................................................4, 11

*Lujan v. Nat'l Wildlife Fed.,*
    497 U.S. 871 (1990) ................................................................................................10

*Makita Corp. v. United States,*
    17 CIT 240, 819 F. Supp. 1099 (1993) .....................................................................9

*McCarthy v. Madigan,*
    503 U.S. 140 (1992) ..................................................................................................1

*Milecrest Corp. v. United States,*
    264 F. Supp. 3d 1353 (Ct. Int'l Trade 2017) ..........................................................12

*United States v. Mitchell,*
    445 U.S. 535 (1980) ..................................................................................................4

*NSK Ltd. v. United States,*
    350 F. Supp. 2d 1128 (Ct. Int'l Trade 2004) ..........................................................11

## TABLE OF AUTHORITIES (cont'd)

**Cases (cont'd)**                                                                    **Page(s)**

*PPG Indus. Inc. v. United States*,
    2 CIT 110, 525 F. Supp. 883 (1981) ........................................................4

*Ruckelshaus v. Sierra Club*,
    463 U.S. 680 (1993) ..............................................................................4

*Sandvik Steel Co. v. United States*,
    164 F.3d 596 (Fed. Cir. 1998) ..............................................................2

*Shakeproof Indus. Prods. Div. of Ill. Tool Works, Inc. v. United States*,
    104 F.3d 1309 (Fed. Cir. 1997) ........................................................7, 8

*Sioux Honey Ass'n v. Hartford Fire Ins. Co.*,
    672 F.3d 1041 (Fed. Cir. 2012) ...................................................3, 11, 12

*Star Sales & Distrib. Corp. v. United States*,
    663 F. Supp. 1127 (Ct. Int'l Trade 1986) .............................................12

*Tianjin Magnesium Co. Ltd  v. United States*,
    32 CIT 1, 533 F. Supp. 2d 1327 (2008) .................................................11

*Tokyo Kikai Seisakusho, Ltd. v. United States*,
    29 CIT 1280, 403 F. Supp. 2d 1287 (2005) .............................................11

*U.S. Ass'n of Importers of Textiles & Apparel v. U.S. Dep't of Commerce*,
    413 F.3d 1344 (Fed. Cir. 2005) .....................................................10, 11

**Statutes**

5 U.S.C. § 704 .......................................................................................10

19 U.S.C. § 1677f  ..................................................................................9

19 U.S.C. § 1677f(c)(1)(A) ......................................................................13

19 U.S.C. § 1677f(c)(2) ............................................................................3

28 U.S.C. § 1581(a)–(h) .................................................................. *passim*

28 U.S.C. § 1581(c) .................................................................................7

28 U.S.C. § 1581(f) ..................................................................................3

28 U.S.C. § 1581(i) .......................................................................... *passim*

<u>**TABLE OF AUTHORITIES (cont'd)**</u>

**Statutes (cont'd)**                                                                                  **Page(s)**

28 U.S.C. § 1581(i)(1)(A) ...........................................................................................7

28 U.S.C. § 1581(i)(1)(A)–(D) ........................................................................... *passim*

28 U.S.C. § 1581(i)(1)(B) ...........................................................................................7

28 U.S.C. § 1581(i)(1)(C) ...........................................................................................7

28 U.S.C. § 1581(i)(1)(D) ...........................................................................................4

28 U.S.C. § 1585 ...................................................................................................11, 12

28 U.S.C. § 2631(i) .................................................................................................9, 10

United States-Mexico-Canada Implementation Act,  Public Law 116-113, § 423
   (Jan. 29, 2020)........................................................................................................5

**Code of Federal Regulations**

19 C.F.R. § 201.6 .......................................................................................................13

19 C.F.R. § 206.8 .......................................................................................................13

19 C.F.R. § 206.17 .....................................................................................................13

19 C.F.R. § 207.3 .......................................................................................................13

19 C.F.R. § 207.7 .......................................................................................................13

19 C.F.R. § 208.22 .....................................................................................................13

19 C.F.R. § 207.7(d) ..................................................................................................14

19 C.F.R. § 207.7(e) ..................................................................................................14

**CIT Rules**

CIT Rule 12(b)(1) ........................................................................................................1

CIT Rule 12(b)(6) ..................................................................................................1, 12

## I.      Introduction

Pursuant to Rules 12(b)(1) and 12(b)(6) of the rules of this Court, defendant, U.S. International Trade Commission ("Commission"), respectfully requests that the Court dismiss the Complaint filed on October 14, 2022, by Plaintiffs Amsted Rail Company, Inc. ("Amsted"), ASF-K de Mexico S. de R.L. de C.V. ("ASF-K"), Strato, Inc. ("Strato"), Wabtec Corp. ("Wabtec"), and TTX Company ("TTX") (collectively "Plaintiffs") on any of multiple grounds: (1) failure to exhaust administrative remedies, (2) mootness, (3) lack of subject-matter jurisdiction, and (4) failure to state a claim upon which relief may be granted.

## II.     The Complaint Should be Dismissed for Failure to Exhaust Administrative Remedies and Mootness

In Count I of their complaint, Plaintiffs allege that the Commission *will be* acting arbitrarily and capriciously by releasing business proprietary information ("BPI") to the Attorney and Firm while the Commission has pending disqualification and exclusion requests.  Compl. at ¶¶ 67-69.  *Ab initio*, this claim is not ripe for review because the complaint was filed before the Commission was given an opportunity to respond to Amsted's requests.  Amsted only properly filed its requests for Commission consideration of its allegations on October 14, 2022, the same day that Plaintiffs filed the Complaint.[1]  Having not given the Commission the opportunity to consider and respond to the letters, Plaintiffs failed in the first instance to exhaust their administrative remedies.  *See McCarthy v. Madigan,* 503 U.S. 140, 144-45 (1992)

---

[1] At the close of business on October 12, 2021, Amsted filed similar requests with the Department of Commerce ("Commerce").   *See* Exhibit A (Amsted letter to Commerce, dated October 12, 2022).   On October 18, 2022, Commerce responded to Plaintiffs' requests, noting that the requests were filed just a few days before the October 18, 2022 statutory deadline for Commerce to decide whether to initiate the investigation.  *See* Exhibit B (Commerce's response dated October 18, 2022).  Based on its evaluation during the "limited timeframe," Commerce declined to take the requested actions at this time.  *Id*.

(acknowledging the "general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts . . . protecting administrative agency authority and promoting judicial efficiency"); *Sandvik Steel Co. v. United States*, 164 F.3d 596, 599-600 (Fed. Cir. 1998). What is more, as explained in the Commission's Response to Plaintiffs' Motion for a Preliminary Injunction ("Response"), at 18 (ECF 41),[2] this count of the Complaint is moot because the Commission has now responded to Amsted's requests. *See Gerdau Ameristeel Corp. v. United States*, 519 F.3d 1336, 1340 (Fed. Cir. 2008) (explaining that a case becomes moot when it has lost its character as a present, live controversy).

Plaintiffs' second count alleges that the Commission's release of business proprietary information to Attorney and Firm under the *Couplers* administrative protective order ("APO") will violate Plaintiffs' due process rights. This claim is premised on the mistaken assumption that the Commission must and will conduct an APO breach investigation, as well as an investigation into allegations about ethical violations under the Rules of Professional Conduct. This count is also moot. As set out in the Commission's Response, the Commission has explained that it "does not adjudicate alleged violations of the Rules of Professional Conduct of a state Bar, nor does it determine whether conduct has violated the Model Rules of Professional Conduct of the American Bar Association, such as those described in {Amsted's} request." Commission Response to TRO Motion at 6-7. And, regarding the alleged breach, the Acting Secretary determined that the evidence was insufficient to warrant institution of an APO breach investigation at this time. *See id.*

---

[2] As indicated in the Court's scheduling order, the Court deemed Plaintiffs' TRO motion to be a motion for a preliminary injunction.

In any event, the Complaint fails to establish jurisdiction over this matter or to state a justiciable claim upon which relief can be granted.

### III.   The Court Lacks Jurisdiction Over the Subject Matter of Plaintiffs' Complaint

#### A.   The Trade Statute Reflects Congress' Intent to Limit Judicial Review of the Agency's Exercise of its Discretion to Approve APO Access to BPI in Antidumping and Countervailing Duty Proceedings

A provision added to the statute in 1988 clarifies Congress' intent to limit judicial review of the Commission's decisions about APO access.  Specifically, in 19 U.S.C. § 1677f(c)(2), Congress spelled out the one instance in which it intends for there to be judicial review, or interlocutory review, of such Agency decision, *viz.*, when the Agency "denies a request for information."[3]  There is no parallel statutory provision for judicial review of a Commission (or Commerce) decision to *grant* access under the APO.  This absence suggests that Congress did not intend that such review be available, and instead left decisions to *grant* APO access to the discretion of the Agency, without judicial intervention.  *See Heckler v. Chaney*, 105 S. Ct. 1649, 1649 (1985); *Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F.3d 1041, 1059-61 (Fed. Cir. 2012).

#### B.   Plaintiffs Ignore the Plain Language of the Statute in Their Invocation of Section 1581(i) Jurisdiction

Plaintiffs seek to invoke the Court's jurisdiction under 28 U.S.C. § 1581(i).  Compl. at ¶¶ 1-3; Plaintiffs' Mem. of Law in Support of Mot. for TRO at 9-10.  But the allegations in the

---

[3] Under this provision, the Court may direct Commerce or the Commission to "make all or a portion of the information available under a protective order."  The Court is empowered to "issue an order, under such conditions as the court deems appropriate, which shall not have the effect of stopping or suspending the investigation."  In turn, 28 U.S.C. § 1581(f) provides that the Court of International Trade "shall have exclusive jurisdiction of any civil action involving an application for an order directing the administering authority or the Commission to make confidential information available under section 777(c)(2) of the Tariff Act of 1930."

two-count complaint on their face do not concern "tariffs, duties, fees, or other taxes on the importation of merchandise," which is a necessary predicate to invoke the claimed jurisdiction under 28 U.S.C. § 1581(i).

The Court's jurisdiction pursuant to 28 U.S.C. § 1581(i) is narrow and, as a waiver of sovereign immunity, is strictly construed. *See generally Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1993); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). And,

> "[w]hile Congress contemplated that there would be some civil actions relating to an antidumping duty proceeding which could be heard pursuant to 28 U.S.C. 1581(i), it intended that this section should not be used to permit the appeal of a procedural determination, but rather, that all procedural considerations should be decided by this court when the final agency determination is made."

*Koyo Seiko Co., Ltd. et al. v. United States*, 13 CIT 461, 464, 715 F. Supp. 1097, 1100 (1989) (quoting *PPG Indus. Inc. v. United States*, 2 CIT 110, 112-13, 525 F. Supp. 883, 885 (1981)).

Plaintiffs premise jurisdiction on § 1581(i)(1) (Compl. at ¶¶ 1-3), which describes the Court of International Trade's residual jurisdiction over "administration and enforcement with respect to the matters referred to in subparagraphs (A)–(C) of this paragraph and subsections (a)–(h) of this subsection." 28 U.S.C. § 1581(i)(1)(D). Therefore, by the plain terms of the statute, section 1581(i)(1)(D) can be invoked only with respect to matters falling in the first instance

under sections 1581(i)(1)(A)–(D)[4] or sections 1581(a)–(h) of the statute.[5]  That is not the case

---

[4] 28 U.S.C. § 1581(i)(1)(A)–(D) provide, in relevant part, that the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(A) revenue from imports or tonnage;

(B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(C) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

(D) administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)-(h) of this section.

(These provisions were previously listed as sections 1581(i)(1)–(4).  They were renumbered as sections 1581(i)(1)(A)–(D) in 2020, pursuant to section 423 of the United States-Mexico-Canada Implementation Act.  Public Law 116-113 (Jan. 29, 2020)).

[5] 28 U.S.C. § 1581(a)–(h) provides in relevant part:

(a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

(b) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516 of the Tariff Act of 1930.

(c) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A or 517 of the Tariff Act of 1930.

(d) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review--

(1) any final determination of the Secretary of Labor under section 223 of the Trade Act of 1974 with respect to the eligibility of workers for adjustment assistance under such Act;

(2) any final determination of the Secretary of Commerce under section 251 of the Trade Act of 1974 with respect to the eligibility of a firm for adjustment assistance under such Act;

here.  Plaintiffs' allegations in the Complaint cannot come within the purview of sections

1581(i)(A)–(C) since, on their face, they do not "arise out of" laws providing for "revenue from

_____

    (3) any final determination of the Secretary of Commerce under section 273 of the Trade Act of 1974 with respect to the eligibility of a community for adjustment assistance under such Act; and

    (4) any final determination of the Secretary of Agriculture under section 293 or 296 of the Trade Act of 1974 (19 U.S.C. 2401b) with respect to the eligibility of a group of agricultural commodity producers for adjustment assistance under such Act.

(e) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review any final determination of the Secretary of the Treasury under section 305(b)(1) of the Trade Agreements Act of 1979.

(f) The Court of International Trade shall have exclusive jurisdiction of any civil action involving an application for an order directing the administering authority or the International Trade Commission to make confidential information available under section 777(c)(2) of the Tariff Act of 1930.

(g) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review--

    (1) any decision of the Secretary of the Treasury to deny a customs broker's license under section 641(b)(2) or (3) of the Tariff Act of 1930, or to deny a customs broker's permit under section 641(c)(1) of such Act, or to revoke a license or permit under section 641(b)(5) or (c)(2) of such Act;

    (2) any decision of the Secretary of the Treasury to revoke or suspend a customs broker's license or permit, or impose a monetary penalty in lieu thereof, under section 641(d)(2)(B) of the Tariff Act of 1930; and

    (3) any decision or order of the Customs Service to deny, suspend, or revoke accreditation of a private laboratory under section 499(b) of the Tariff Act of 1930.

(h) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty, marking, restricted merchandise, entry requirements, drawbacks, vessel repairs, or similar matters, but only if the party commencing the civil action demonstrates to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation.

6

imports or tonnage" (section 1581(i)(1)(A)), "tariffs, duties, fees or other taxes . . . on the importation of merchandise for reasons other than the raising of revenue (section 1581(i)(1)(B)), or "embargoes or other quantitative restrictions. . . " (section 1581(i)(1)(C)).[6]

The thrust of Plaintiffs' two-count complaint is that the Attorney and Firm should be disqualified and excluded from receiving business proprietary information, alleging that (1) the Attorney and Firm violated the APO in predecessor investigations – *Freight Rail Coupler Systems and Components from China*, Inv. Nos. 701-TA-670 and 731-TA-1570 ("*FRC I*"), and (2) the Attorney violated his professional duty by acting under a conflict of interest, and that this conflict should be imputed to the Firm at large.  *See* Compl. at ¶¶ 13-77.  On their face, these allegations do not bear any substantive connection to tariffs or duties or any other matters specified in sections 1581(i)(1)(A)–(C).  In short, no persuasive reading of these statutory provisions, or any of the jurisdictional provisions under section 1581, supports the Court's exercise of jurisdiction over either of the two counts in the Complaint.

### C.    Plaintiffs' Request for Judicial Review is Premature

In any event, section 1581(i) cannot be invoked in circumstances like those here before an eventual final agency action which will be reviewable under section 1581(c).  In *Shakeproof Industrial Products Division of Illinois Tool Works, Inc. v. United States*, 104 F.3d 1309 (Fed. Cir. 1997), the Federal Circuit expressed "serious doubts" that the Court of International Trade possessed section 1581(i) jurisdiction over a complaint seeking to compel Commerce to disqualify a law firm from participation in an administrative review on grounds that a member of the law firm had served as a Commerce official at the time of the original antidumping duty

---

[6] Plaintiffs do not claim jurisdiction under sections 1581(a)-(h) and therefore these statutory provisions are not at issue here.

investigation, and thus had access to BPI submitted by the plaintiff in connection with its original antidumping petition.  104 F.3d at 1313.  The Federal Circuit observed that there was "substantial force to the government's position that Shakeproof's request for judicial review in this case was premature" especially since there were ". . . serious doubts that that judicial review of the disqualification issue would be manifestly inadequate if it were postponed until Commerce's final decision on the first review of the antidumping order."  *Id*.[7]  Likewise, it is undisputed that the Commission has yet to make any final injury determinations in the current investigations – *Certain Freight Rail Couplers and Parts Thereof from China and Mexico*, USITC Inv. Nos. 701-TA-682 and 731-TA-1592-1593 (Preliminary) ("*FRC II*") – that underlie the matter currently before this Court.

Plaintiffs rely extensively on *Hyundai Pipe Co. Ltd. v. U.S. Department of Commerce*, 11 CIT 238 (1987), to support their claim of jurisdiction under section 1581(i).[8]  Notably, *Hyundai Pipe* is a non-precedential Court of International Trade opinion that was decided before the Federal Circuit expressed its skepticism about such jurisdiction in a case such as this.  Indeed, *Hyundai Pipe* runs afoul of the Federal Circuit's pronouncements in *Shakeproof Industries*,

---

[7] Despite expressing "serious doubts" that the Court of International Trade possessed section 1581(i) jurisdiction, the Federal Circuit in *Shakeproof Industries* concluded that "[w]e need not decide, however, whether the Court of International Trade properly exercised review under 28 U.S.C. 1581(i)."  104 F.3d at 1313.  Rather, the Federal Circuit explained that "[i]n previous cases, this court has found it unnecessary to decide that issue when it has concluded that the plaintiff was not entitled to relief in any event."  *Id*. (citing cases).  The Federal Circuit further explained that "[b]ecause we uphold the trial court's dismissal of the action for the reason discussed below, we do not address the contention that judicial review of the disqualification issue should have been postponed until Commerce's final decision on the first administrative review of the lock washer antidumping order."  *Id*.

[8] In *Hyundai Pipe*, the Court enjoined Commerce from disclosing BPI submitted by plaintiffs to certain counsel that were being investigated for violating the terms of the APO in a separate prior investigation.  11 CIT at 240-41.

which casts doubt as to whether section 1581(i) jurisdiction can be invoked to review an investigating authority's grant of APO access, particularly before a final determination on the merits by the investigating agency. Moreover, unlike the instant case, the issue of section 1581(i) jurisdiction was not contested by any of the parties in *Hyundai Pipe*. 11 CIT at 240.

Plaintiffs also overlook that *Hyundai Pipe* was decided before the statute was amended in 1988 to require that the Commission (and Commerce) provide interested parties participating in their antidumping and countervailing duty investigations with access to all BPI gathered during those investigations. *See* 19 U.S.C. § 1677f (amended 1988). As discussed in the Commission's Response, Congress' intent in amending the statute was that the Commission's APO procedure would change from one in which release of confidential information under APO was discretionary and piecemeal, to one in which an APO would be created in every proceeding and all confidential information on record would generally be released under the APO, with only limited exemptions for certain types of information. *See* Response at 14-16. This change in the statutory scheme for APO access by itself renders *Hyundai Pipe* inapposite.

Nor does Plaintiffs' reliance on *Makita Corp. v. United States*, 17 CIT 240, 819 F. Supp. 1099 (1993), create jurisdiction where there is none. For the purposes of that case, Commerce conceded section 1581(i) jurisdiction in *Makita*, 17 CIT at 243, 819 F. Supp. at 1103; but that situational concession does not overwrite the actual lack of subject matter jurisdiction here. Furthermore, *Makita* was decided before the Federal Circuit's decision in *Shakeproof Industries*.

D.     **The Administrative Procedure Act Does Not Confer Jurisdiction Over this Action**

Plaintiffs also cite the Administrative Procedure Act ("APA") and invoke section 2631(i), this Court's standing statute, which states: "Any civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)–(h) of this section, may

be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5." 28 U.S.C. § 2631(i). Rather than providing a basis for jurisdiction, section 2631(i) limits jurisdiction under section 1581(i) by codifying the "injury in fact" requirement for standing under Article III of the Constitution. Additionally, section 2631(i) limits the availability of jurisdiction under section 1581(i) to actions "within the meaning of section 702 of title 5." *Id*. Plaintiffs' efforts to avail themselves of the claims under the APA are unpersuasive.

The APA by itself does not confer subject matter jurisdiction in any court. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). Rather, Plaintiffs may commence suit in this Court pursuant to 28 U.S.C. § 1581(i) only if they have been "adversely affected or aggrieved by agency action within the meaning of section 702" of the APA. 28 U.S.C. § 2631(i). Even for judicial review under the APA, there must be a "final agency action." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 882 (1990) (citing 5 U.S.C. § 704) (under section 10(a) of the APA, "the person claiming a right to sue must identify some 'agency action' that affects him in the specified fashion . . . When, as here, review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action'"). If the contested action is more like a "threshold determination," than a final agency action, the case is not ripe for review and must be dismissed. *U.S. Ass'n of Importers of Textiles & Apparel v. U.S. Dep't of Commerce*, 413 F.3d 1344, 1349 (Fed. Cir. 2005) (citing *Fed. Trade Comm'n v. Standard Oil Co.*, 449 U.S. 232 (1980) and *Abbott Lab. v. Gardener*, 387 U.S. 136 (1967)). As the Federal Circuit has explained, "the mere 'burden'" of waiting until the conclusion of administrative proceedings is insufficient in kind and

legal effect to constitute "'final agency action.'"  *U.S. Ass'n of Importers of Textiles & Apparel*, 413 F.3d at 1349-50.

The Federal Circuit and this Court have repeatedly declined to exercise section 1581(i) jurisdiction absent a final agency action.  *See, e.g.*, *Sioux Honey*, 672 F.3d at 1051 (no section 1581 jurisdiction over claims brought by domestic food producers against private customs bond sureties); *Intercontinental Chems. v. United States*, 483 F. Supp. 3d 1232, 1239–40  (Ct. Int'l Trade 2020) (no section 1581 jurisdiction challenging Commerce's liquidation instructions); *Tianjin Magnesium Co. Ltd. v. United* States, 32 CIT 1, 20-23, 533 F. Supp. 2d 1327, 1344-47 (2008) (no section 1581(i) jurisdiction challenging Commerce's decisions to grant extension of time in administrative reviews); *Gov't of the People's Republic of China v. United States*, 31 CIT 451, 459, 483 F. Supp. 2d 1274, 1281 (2007) (dismissing for lack of jurisdiction under § 1581(i) action challenging initiation of countervailing duty proceeding); *Tokyo Kikai Seisakusho, Ltd. v. United States*, 29 CIT 1280, 1286–91, 403 F. Supp. 2d 1287, 1293–97 (2005) (no section 1581(i) jurisdiction challenging Commerce decision to self-initiate "changed circumstances" review); *NSK Ltd. v. United States*, 350 F. Supp. 2d 1128, 1133–35 (Ct. Int'l Trade 2004) (no section 1581(i) jurisdiction "for an interim decision-making matter"); *Koyo Seiko*, 13 CIT  att463-65, 715 F. Supp. at 1099-1100 (no section 1581(i) jurisdiction challenging Commerce decision denying additional period for comment).  Given that the Commission has not made its final injury determinations in these investigations, Plaintiffs' complaint is jurisdictionally defective for lack of final agency action and should be dismissed for this additional reason.

### E.      28 U.S.C. § 1585 Does Not Confer Jurisdiction Over this Action

Without discussion, Plaintiffs cite 28 U.S.C. § 1585 as a basis for subject matter jurisdiction.  Compl. at ¶ 1.  As the Federal Circuit has explained, however, section 1585 is not a

jurisdictional provision, and does not confer jurisdiction on the Court.  *Sioux Honey,* 672 F.3d at 1052–56.  Rather, section 1585 lays out the powers of the Court to render effective judgement once jurisdiction is established.  *Id.* at 1052 (citing *Star Sales & Distrib. Corp. v. United States,* 663 F. Supp. 1127, 1130 (Ct. Int'l Trade 1986)).  As discussed above, no statutory basis exists for jurisdiction over Plaintiffs' claims, and therefore the powers of section 1585 are unavailable.

## IV.    Plaintiffs Have Failed to State a Claim for Which Relief Can be Granted

In order to survive a motion to dismiss pursuant to USCIT Rule 12(b)(6), Plaintiffs must (1) identify the final agency action, (2) show that there are no other adequate remedies in a court, and (3) show that it is plausible that they are entitled to the relief sought for each claim*.  See Milecrest Corp. v. United States*, 264 F. Supp. 3d 1353, 1371–72 (Ct. Int'l Trade 2017).  As discussed above, Plaintiffs have failed to identify a final agency action, or show that they are statutorily entitled to the relief sought.  Therefore, dismissal under Rule 12(b)(6) dismissal is also appropriate.

Furthermore, Plaintiffs have failed to demonstrate that they are entitled to relief as they have not demonstrated a concrete way in which they are aggrieved at this time.  Plaintiffs have not established that they are adversely affected or aggrieved by the Acting Secretary's decision to grant APO access to the Attorney and Firm.  Plaintiffs' alleged cause of action rests on their broad and claims of unspecified harm that they will suffer if the Attorney and Firm have access to the BPI in *FRC II*.  As discussed in the Commission's Response, at 20-24, Plaintiffs assert that they will suffer immediate irreparable harm, but fail to provide actual facts to support their contention.  Despite that Mexico was not a subject country in *FRC I*, the disparity between Amsted's position and Petitioner's theory of the case – specifically that Amsted shifted production to Mexico – was known to Plaintiffs as early as preliminary phase of those

investigations.  *See* Commission's Response at 2-3.  Yet, at no time during the *FRC I* proceedings did Amsted or any other party—including the three Plaintiffs, Strato, Wabtec, and TTX, who participated in that investigation—object to Attorney's or the Firm's access to BPI under the *FRC I* APO.  Indeed, Plaintiffs themselves acknowledge that the current investigations are a "substantially related matter" based on the "same theory of the case" and are a "reprise of the Predecessor Investigation," covering the same product and players and overlapping with respect to their time periods with "much of the same" BPI from *FRC I* being the focus in *FRC II*. *See* Pltf.'s Mot. for TRO at 16-17.  Plaintiffs' claim of harm by release of the BPI under the *FRC II* APO to Attorney/Firm surely is belied by their inaction over the course of the past year.

Nor have Plaintiffs shown that Attorney and his Firm will improperly handle the BPI or fail to comply with the terms of the *FRC II* APO, which governs access to the information by all signatory counsel.  *See* Commission's Response, at Ex. 10 (EDIS Doc. 782251: APO Service List).  Whether it be Attorney and his Law Firm or other counsel, the statute and the Commission's regulations ensure that BPI is handled properly by all counsel who receive it, and the regulations provide procedures for the Commission to administer its APOs, including a process under which it evaluates potential breaches of an APO.  *See* 19 U.S.C. § 1677f(c)(1)(A); 19 C.F.R. §§ 201.6, 206.8, 206.17, 207.3, 207.7, & 208.22; *see also* Commission's Administrative Protective Order Handbook at 11-12 (Jan. 2022) (attached as Ex. 9 to the Commission's Response).[9]

---

[9] As noted in the Acting Secretary's affidavit (attached as Ex. 8 to the Commission's Response), as of this time, she has determined that the evidence is insufficient to warrant institution of an APO breach.  And even when the Commission believes there are concrete facts justifying commencement of a breach inquiry, its regulations require that it: afford the alleged breaching party the opportunity to respond to the breach allegations; conduct a full APO breach investigation into the matter if appropriate; and then determine whether there has been an APO

Finally, whatever harm Amsted may allege as a result of its prior relationship with Attorney, such alleged harm would not accrue to the remaining Plaintiffs.  Notwithstanding the claims of irreparable harm by Plaintiffs Wabtec, TTX, Strato, and ASF-K, these firms were not represented by the Attorney or his Firm in the predecessor investigations, and therefore their claims of harm are particularly speculative.  For this additional reason, Wabtec, TTX, Strato, and ASF-K lack standing to bring this action.

Therefore, Plaintiffs are not entitled to the relief which they are requesting.  They have not set forth claims that even if true would demonstrate that they are aggrieved by the Commission's grant of APO access for the Attorney and the Law Firm.

## V.    Conclusion

For any or all of the above reasons, the Commission respectfully requests that this Court dismiss this action in its entirety.

Respectfully submitted,

*/s/ Andrea C. Casson*
Andrea C. Casson
Assistant General Counsel for Litigation
andrea.casson@usitc.gov
Telephone: (202) 205-3105

*/s/ David A. Goldfine*
David A. Goldfine
Jane C. Dempsey
Attorney-Advisors
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436

---

breach and the appropriate sanctions (if any).  Any sanctions it may issue are prospective as of the time they are issued.  *See* 19 C.F.R. § 207.7(d) and (e).

david.goldfine@usitc.gov
Telephone: 202.707.5452
jane.dempsey@usitc.gov
Telephone 202.205.3142
*Attorneys for Defendants*

Dated: October 24, 2022

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the attached

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF**

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT** contains 4,482 words, according to

the word-count function of the word processing system used to prepare this brief (Microsoft

Office 365 ProPlus).

Date:  October 24, 2022                    /s/ *David A. Goldfine*
                                           David A. Goldfine
                                           Office of the General Counsel
                                           U.S. International Trade Commission
                                           500 E Street, SW
                                           Washington, DC 20436
                                           david.goldfine@usitc.gov
                                           Telephone: 202.708.5452

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMAN

| | |
|---|---|
| **AMSTED RAIL COMPANY, INC., ASF-K DE MEXICO S. DE R.L. DE C.V., STRATO, INC., WABTEC CORP. AND TTX COMPANY,** | |
| **Plaintiffs,** | |
| **v.** | Court No. 22-00307 |
| **UNITED STATES INTERNATIONAL TRADE COMMISSION,** | |
| **Defendant,** | |
| **and** | |
| **COALITION OF FREIGHT RAIL COUPLER PRODUCERS,** | |
| **Defendant-Intervenor.** | |

## <u>ORDER</u>

Upon consideration of Defendant's Motion to Dismiss and Memorandum In Support of Motion to Dismiss Plaintiffs' Complaint, Plaintiffs' Response, and all other papers and proceedings herein, it is hereby

ORDERED that Defendant's Motion to Dismiss is Granted; it is further

ORDERED that this action is dismissed pursuant to U.S. Court of International Trade Rule 12(b); and it is further

ORDERED that the temporary restraining order entered by this Court on October 18, 2022 is hereby dissolved in its entirety.

_____
The Honorable Gary S. Katzman, Judge
United States Court of International Trade

Dated: _____, 2022
     New York, New York