IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMSTED RAIL COMPANY, INC., ASF-K DE MEXICO S. DE R.L. DE C.V., STRATO, INC., WABTEC CORP., and TTX COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>Defendant,<br><br>and<br><br>COALITION OF FREIGHT COUPLER PRODUCERS,<br><br>Defendant-Intervenor. | Court No. 22-00307<br><br>Before: Hon. Gary S. Katzmann |

### RESPONSE TO MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION TO VACATE TEMPORARY RESTRAINING ORDER

The Coalition of Freight Coupler Producers ("CFCP" or the "Coalition"), by and through its attorneys, respectfully submits these comments in opposition to the motion for a temporary restraining order ("TRO") filed by plaintiffs, Amsted Rail Company, Inc. ("ARC"), ASF-K de Mexico S. de R.L. de C.V. ("ASF-K"), Strato, Inc. ("Strato"), Wabtec Corp. ("Wabtec"), and TTX Company ("TTX") (collectively ("Plaintiffs"), and in support of the Commission's motion to dismiss Plaintiffs' complaint. *See* Def.'s Response to Plaintiffs' Motion for a Prelim. Injunction, ECF No. 41; Def's Motion to Dismiss and Memorandum in Support of Motion to Dismiss Plaintiffs' Compl., ECF No. 46. We request that the Court immediately vacate the Temporary Restraining Order ("TRO") granted on October 18, 2022. *See* Order Granting Motion for Temporary Restraining Order, ECF No. 28.

Ct. No. 22-00307

I. **Comments in Support of the ITC's Submissions**

Defendant Intervenor supports the Commission's argument in its response to Plaintiffs' motion for a preliminary injunction. We echo that Plaintiffs have failed to establish a likelihood of success on the merits, Plaintiffs have failed to demonstrate immediate, irreparable harm before a decision can be rendered, and the balance of hardships and public interest weigh in favor of denial. *See generally*, Def.'s Response to Plaintiffs' Motion for a Prelim. Injunction, ECF No. 41. Further, Plaintiffs' complaint should be dismissed for failure to exhaust administrative remedies and mootness, for lack of jurisdiction, and for failure to state a claim upon which relief can be granted. Def.'s Motion to Dismiss and Memorandum in Support of Motion to Dismiss Plaintiffs' Compl., ECF No. 46.

II.   

Ct. No. 22-00307

[redacted]

Ct. No. 22-00307



███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████

**III.     ARC Explicitly Agreed in Writing to [██████████████████████████████] and Then Filed Papers Requesting Disqualification of the Same**

The Court has before it the Coalition's analysis as to the lack of any conflict of interest, and accordingly that analysis will not be repeated in this submission. *See* Def.'s Response to Plaintiffs' Motion for a Prelim. Injunction at Exhibit 12, ECF No. 41. We would note, however, that [██████████████████████████████████████████████████████████████

███████████████████████████████████████████],[2] [████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████]."

*See* **Exhibit 8**. The purpose of the representation was to [███████████████████

████████████████████████████████████████]. As stated in the engagement letter, attached at **Exhibit 9**:

---

[2]     Despite ARC's representations to the contrary, and as the Court is undoubtedly aware, it is ASF-K – the Mexican entity – and not ARC, that would be investigated as a mandatory respondent in an antidumping duty investigation at the Department of Commerce in order to determine whether there are sales below normal value. As all parties concede, at no point did an attorney client representation exist between counsel and ASF-K.



In the initial investigation, counsel jointly represented ARC and McConway and Torley LLC ("McConway") as co-coalition members. As such, counsel had an equal duty of loyalty to both clients, requiring it to inform each member of any information counsel obtained from another member that might affect the coalition's interests. *See* D.C. Bar Rule 1.7, Comment 16. As McConway remains a coalition member in the current petition, any information obtained from ARC that was relevant to the trade proceedings was already accessible to the Coalition. Accordingly, counsel's joint representation of the Coalition for purposes of petitioning for relief requires a finding that there can be no use of information such to create a conflict in the current investigation. Indeed, the DC Bar has recognized that <u>the prevailing rule is that, as between commonly represented clients, the privilege does not attach. Hence, it must be assumed that if litigation eventuates between the clients, the privilege will not protect any such communications</u>. Accordingly, the information shared in a joint representation is not treated as confidential as to the other Coalition member and cannot serve as a basis for a conflict claim. *See* D.C. Bar Rule 1.7, Comment 15.

Plaintiffs claim that the alleged conflict is nonconsentable and cite a D.C. Bar Ethics Opinion in support. *See* Mem. Of Law in Support of Plaintiffs' Motion for Temporary Restraining Order at 18. However, that same opinion notes that advance waivers of conflicts of

interest are permissible when the "full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of such representation" are satisfied. *See* D.C. Bar Ethics Opinion 309, attached at **Exhibit 10**. While general waivers of conflicts of interest are not permitted in certain circumstances, including when a client is unsophisticated or when the attorney seeking the waiver knows of a specific impending adversity and does not disclose it, those circumstances do not apply here. *See id.* ARC is a sophisticated company whose [█████████████████████████████████████████████████████████████████████████████]. The engagement agreement read: "[███████████████████████████████████████████████████████████████████████████████████████]."

In order to retain counsel, ARC expressly agreed [█████████████████████]. To be clear, not only did ARC [███████████████████████████████████████████████████████████████████████████]. Moreover, [█████████████████████████████████████████]. It is axiomatic that a conflict that has been extinguished cannot be imputed to a subsequent law firm. *See generally* D.C. Bar Rule 1.7. Specifically, the potential conflict arising from the work performed by counsel was waived and cannot now be imputed to counsel's new firm. [███████████████████████████████████████████]

7

▆▆▆▆ ]. However, contrary to ARC's explicit, written obligation [ ▆▆▆▆ ▆▆▆▆ ], this is exactly what it is doing here. ARC is asserting a conflict that it previously waived [ ▆▆▆▆ ]. This is nothing more than a litigation tactic, and the Court should not reward ARC for its behavior.

### IV. The Coalition, Not Plaintiffs, Is Prejudiced as a Result of This Litigation

While Plaintiffs claim their due process rights have been violated, Compl. at ¶¶ 70-77, it is the Coalition that has been prejudiced as a result of the temporary restraining order. In an investigation that is not yet a month old, the Coalition and its counsel have weathered a baseless allegation of an [ ▆▆▆▆ ], attempts to disqualify counsel to the coalition [ ▆▆▆▆ ▆▆▆▆ ], and a TRO enjoining counsel to the coalition from service of Plaintiffs' business proprietary information ("BPI"). The Commission's preliminary determination of material injury or threat thereof is due November 10, 2022, fifteen days from the date of this submission. Counsel's inability to access the full record of the Commission substantially prejudices the Coalition. Indeed, ARC's tactics in regard to its meritless allegations have been successful so far in denying the release of relevant information to counsel during the ongoing investigation before the Commission.

In conclusion, Plaintiffs are wielding unsupported and inappropriate allegations of professional misconduct as weapons in an attempt to gain an advantage in a government investigation. For the reasons stated above and in the Commission's opposition to Plaintiffs' motion for a temporary restraining order and motion to dismiss Plaintiffs' complaint, we respectfully request that the Court immediately vacate the temporary restraining order and deny Plaintiff's request for a preliminary injunction.

Ct. No. 22-00307

        Respectfully submitted,

        /s/ Daniel B. Pickard
        Daniel B. Pickard, Esq.
        Amanda L. Wetzel, Esq.
        Claire M. Webster, Esq.

        **Buchanan Ingersoll & Rooney PC**
        1700 K Street, NW, Suite 300
        Washington, DC 20006
        (202) 452-7000

        *Counsel to Coalition of Freight Coupler Producers*

Dated: October 26, 2022

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMSTED RAIL COMPANY, INC., ASF-K DE MEXICO S. DE R.L. DE C.V., STRATO, INC., WABTEC CORP., and TTX COMPANY,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>　　　　　　　　Defendant,<br><br>and<br><br>COALITION OF FREIGHT COUPLER PRODUCERS,<br><br>　　　　　　　　Defendant-Intervenor. | Court No. 22-00307<br><br>Before: Hon. Gary S. Katzmann |

## ORDER

Upon consideration of Defendant-Intervenor's Motion to Vacate the Temporary Restraining Order and Defendant's Motion to Dismiss Plaintiffs' Complaint, and upon consideration of all other papers and proceedings herein, it is hereby

ORDERED that Defendant-Intervenor's Motion to Vacate the Temporary Restraining Order is granted; it is further

ORDERED that the temporary restraining order entered by this Court on October 18, 2022 is hereby dissolved in its entirety; it is further

ORDERED that Defendant's Motion to Dismiss is granted; and it is further

Ct. No. 22-00307

ORDERED that this action is dismissed pursuant to U.S. Court of International Trade Rule 12(b).

|  |  |
|---|---|
|  | _____ |
|  | The Honorable Gary S. Katzmann, Judge |
| Dated: _____, 2022 | United States Court of International Trade |
| New York, New York |  |