IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMSTED RAIL COMPANY, INC., ASF-K DE MEXICO S. DE R.L. DE C.V., STRATO, INC., WABTEC CORP., and TTX COMPANY,<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>     Defendant,<br><br>and<br><br>COALITION OF FREIGHT COUPLER PRODUCERS,<br><br>     Defendant-Intervenor. | Court No. 22-00307<br><br>Before: Hon. Gary S. Katzmann |

**NOTIFICATION OF SUPPLEMENTAL AUTHORITY**

  The Coalition of Freight Coupler Producers ("CFCP" or the "Coalition"), by and through its attorneys, respectfully requests leave of the Court to submit the following supplemental authorities in support of its Motion to Vacate the Temporary Restraining Order, ECF. No. 52. CFCP submits that there is good cause for the Court to accept this submission, including the unorthodox nature of this case and the gravity of the allegations that have been made against CFCP's counsel. This case has proceeded on a very brief timeline; the Complaint was filed only 19 days before the date of this submission. *See* Compl. Plaintiffs have levied serious allegations of professional misconduct, and CFCP submits that the supplemental authority contained herein will assist the Court with relevant authorities in advance of the Hearing on Plaintiffs' First

Motion for a Preliminary Injunction and Defendant-Intervenor's Motion to Vacate the Temporary Restraining Order.

At **Tab 1**, please find attached a declaration from Professor Michael S. Frisch, Ethics Counsel and Adjunct Faculty Member for Georgetown University Law Center and former Senior Assistant Bar Counsel to the District of Columbia Court of Appeals. As discussed in the declaration, the ethical obligations of Rule 1.9 only extend to former clients and are not applicable in this matter where the actual party in interest is not a former client. The suggestion that the written consent (including a commitment to not request disqualification) previously provided does not apply to counsel to CFCP due to his change of firms has no basis in either ethics rules or substantive law.  Additionally, the authorization to proceed in the form of a joint representation fatally undermines any attempt at disqualification on the bases alleged.  Lastly, and as the declaration makes clear, the motion to disqualify is an abuse of the litigation process and is precisely the misuse of the rules of professional conduct which is warned against in the ABA Model Rules.

At **Tab 2**, please find attached the Preamble to the American Bar Association Model Rules. As discussed in Professor Frisch's declaration, this authority includes the principle that the ethics rules are rules of reason. The Model Rules are clear that they should be interpreted consistently with the purposes of the legal representation and the documents here show that Mr. Pickard was clearly both the intended and actual beneficiary of the consent, as the primary attorney actively involved in the matter which was covered by the waiver agreement.

At **Tab 3**, please find attached D.C. Bar Ethics Opinion 317. This opinion discusses that waivers of conflicts of interest cannot be repudiated when relied upon by an attorney as is the case here.

At **Tab 4**, please find attached an excerpt from the *Restatement (Third) of The Law Governing Lawyers*, § 75.  The Restatement clarifies that in a subsequent proceeding in which former co-clients are adverse, one of them may not invoke the attorney-client privilege against the other with respect to communications involving either of them during the co-client relationship. That rule applies whether or not the co-client's communication had been disclosed to the other during the co-client representation, unless they had otherwise agreed.

Rules governing the co-client privilege are premised on an assumption that co-clients usually understand that all information is to be disclosed to all of them. Courts sometimes refer to this as a presumed intent that there should be no confidentiality between co-clients. Fairness and candor between the co-clients and with the lawyer generally precludes the lawyer from keeping information secret from any one of them, unless they have agreed otherwise.  Accordingly, and consistent with the Restatement, the very nature of the joint representation at issue in the present matter fatally undermines any attempt at disqualification.

At **Tab 5**, please find attached *Laker Airways, Ltd. v. Pan American World Airways*, 103 F.R.D. 22 (D.D.C. 1984). As discussed in Professor Frisch's declaration, the pending motion to disqualify counsel is an abuse of the litigation process. The seminal opinion of Judge Harold Greene in *Laker Airways Ltd*. clearly identifies the harms to the administration of justice caused by this kind of litigation tactic. Since disqualification motions have become litigation tools, courts approach such motions with "cautious scrutiny." *Laker Airways*, 103 F.R.D. at 28.

Respectfully submitted,

/s/ Daniel B. Pickard
Daniel B. Pickard, Esq.
Amanda L. Wetzel, Esq.
Claire M. Webster, Esq.

**Buchanan Ingersoll & Rooney PC**
1700 K Street, NW, Suite 300
Washington, DC 20006
(202) 452-7000

*Counsel to Coalition of Freight Coupler Producers*

Dated: November 2, 2022