UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMSTED RAIL COMPANY, INC., ASF-K DE MEXICO S. DE R.L. DE C.V., STRATO, INC., WABTEC CORP., and TTX COMPANY,<br><br>                     Plaintiffs,<br><br>      v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION and ACTING SECRETARY KATHERINE M. HINER, in her official capacity,<br><br>                     Defendants,<br><br>   and<br><br>COALITION OF FREIGHT RAIL PRODUCERS,<br><br>                     Defendant-Intervenor. | Before: Judge Gary S. Katzmann<br>Case No. 22-00307 |

**CERTAIN PLAINTIFFS' RESPONSE TO DEFENDANT-INTERVENOR'S NOTIFICATION OF SUPPLEMENTAL AUTHORITY**

The Coalition filed what it calls a "Notification of Supplemental Authority," ECF No. 64. The "Notification" is a procedurally dubious excuse to belatedly introduce the legal opinions of a self-described "Ethics Counsel," the Declaration of Michael S. Frisch, ECF No. 64-1. The Frisch Declaration is neither "Supplemental"—it could and should have been filed contemporaneous with the Coalition's motion to vacate the temporary restraining order, ECF No. 51—nor "Authority"—it is not a statute, regulation, or decisional law.

Plaintiffs[*] will address the Frisch Declaration anyway because it actually *supports* their position. The Declaration is notable for all that Mr. Frisch does not say:

---

[*] Plaintiff Wabtec Corp. does not join this response.

1

1. *Mr. Frisch does not deny that ARC is the Attorney's former client.* Instead, he parrots the Coalition's pointless assertion that ASF-K is not a former client. ECF No. 64-1 ¶ 6. Plaintiffs have never argued that an attorney-client relationship was formally established between ASF-K and the Attorney.

2. *Mr. Frisch does not deny that the Coalition and ARC are materially adverse in the Current Investigations.* Much like a plaintiff and a defendant in a lawsuit would be, as the petition's proponent, the Coalition is materially adverse to ARC, the petition's opponent. Attempting to skirt the obvious, Mr. Frisch showcases his unfamiliarity with the Current Investigations, along with antidumping and countervailing investigations generally. He asserts that "any remedy provided would be for the benefit of U.S. producing industries." *Id.* This does not mean the Coalition and ARC are aligned. Far from it. ARC is the importer of record and seller of the freight rail couplers at issue. Its *maquiladora*, ASF-K, never even takes title to the merchandise. As such, ARC will be financially liable for any trade relief resulting from the Current Investigations. More to the point, neither Mr. Frisch nor the Coalition can create alignment by *ipse dixit*. If ARC opposes the Coalition's petition—and it does—then the Attorney's current and former clients are materially adverse.

3. *Mr. Frisch does not deny that the Current Investigations and Predecessor Investigations are substantially related.* He and the Coalition wisely refrain from that assertion.

4. *Mr. Frisch does not deny that D.C. Bar Ethics Opinion 309 (2001) categorically prohibits advance waivers of substantially related matters.* "Regardless of whether reviewed by independent counsel, an advance waiver of conflicts will not be valid where the two matters are substantially related to one another," the ethics opinion says. Astonishingly, Mr. Frisch nowhere even acknowledges this categorical prohibition. Nor does he dispute that District of Columbia

ethics standards govern the District-based Attorney and the June 2021 engagement letter, which the Attorney executed in the District. Fuzzy notions of "rules of reason" and "the purposes of the legal representations," ECF No. 64-1 ¶ 7, cannot overcome clearly defined ethical boundaries.

     5.     *Mr. Frisch does not deny that Rule 1.9(a) protects more than client confidences.* Although he focuses on ARC's supposed expectations based on the prior joint representation, *see id.* ¶¶ 7-8, Mr. Frisch nowhere contests that

> ABA Model Rule 1.9(a) does not have an express joint-client exception to the duty of confidentiality *and does not ask whether the former client had an expectation of confidentiality*. The substantial relationship test of Model Rule 1.9(a) does not depend on the existence of actual confidences. Thus, since most jurisdictions that have adopted the language of Model Rule 1.9, disqualification can result, though the clients shared all information.

2 Ronald E. Mallen, *Legal Malpractice* § 18:10 (2022 ed.) (emphasis added); *see also Dynamic 3D Geosolutions LLC v. Schlumberger Ltd. (Schlumberger N.V.)*, 837 F.3d 1280, 1286 (Fed. Cir. 2016); *Touchcom, Inc. v. Bereskin & Parr*, 299 F. App'x 953, 956 (Fed. Cir. 2008). The District of Columbia is one of the jurisdictions that has adopted the language of ABA Model Rule 1.9(a). Notably, the sole legal authority on which Mr. Frisch relies, Restatement of the Law Governing Lawyers § 75 (2000), excludes from its scope the issue of "representation of multiple clients with conflicts of interest." *Id.* cmt. a ("Scope").

     6.     *Mr. Frisch does not deny that, if there is an ethical violation of Rule 1.9(a), it must be imputed to the Firm at large.* He nowhere addresses the imputation issue or Rule 1.10.

     In short, the white space in the Frisch Declaration speaks louder than its printed text. Plaintiffs' efforts to disqualify the Attorney and his Firm based on the Attorney's brazen betrayal, therefore, are not "an abuse of the litigation process." ECF No. 64-1 ¶ 9. Unfortunately, the same cannot be said about the submission of this "Supplemental Authority."

Dated: November 3, 2022

Andrew T. Schutz
Ned H. Marshak
GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP
599 Lexington Avenue, 36th Floor
New York, NY 10022
(212) 557-4000

*Counsel for Plaintiff*
*Strato, Inc.*

James M. Smith
Shara L. Aranoff
Sooan (Vivian) Choi
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

*Counsel for Plaintiff*
*TTX Company*

Respectfully submitted,

*/s/ Richard P. Ferrin*
Douglas J. Heffner
Brian P. Perryman
Richard P. Ferrin
Carolyn Bethea Connolly
FAEGRE DRINKER
BIDDLE & REATH LLP
1500 K Street, NW, Suite 1100
Washington, DC 20005
(202) 230-5000

*Counsel for Plaintiffs*
*Amsted Rail Company, Inc. and*
*ASF-K de Mexico S. de R.L. de C.V.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the attached **RESPONSE TO DEFENDANT-INTERVENOR'S NOTICE OF SUPPLEMENTAL AUTHORITY** contains 762 words, according to the word-count function of the word processing system used to prepare this brief (Microsoft Office for Microsoft 365).

Dated: November 3, 2022                            */s/ Richard P. Ferrin*
                                                   Richard P. Ferrin

US.353596117.01