## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMSTED RAIL COMPANY, INC., ASF-K DE MEXICO S. DE R.L. DE C.V., STRATO, INC., WABTEC CORP., and TTX COMPANY, | |
| Plaintiffs, | |
| v. | Before: Judge Gary S. Katzmann Case No. 22-00307 |
| UNITED STATES INTERNATIONAL TRADE COMMISSION and ACTING SECRETARY KATHERINE M. HINER, in her official capacity, | |
| Defendant, | |
| and | |
| COALITION OF FREIGHT RAIL PRODUCERS, | |
| Defendant-Intervenor. | |

## CERTAIN PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL

As directed in Rule 8(a)(1)(C) of the Federal Rules of Appellate Procedure and pursuant to Rule 62(d) of the Rules of the U.S. Court of International Trade, plaintiffs Amsted Rail Company, Inc. ("ARC"), ASF-K de Mexico S. de R.L. de C.V. ("ASF-K"), Strato, Inc. ("Strato"), and TTX Company ("TTX" and, together with ARC, ASF-K, and Strato, "Plaintiffs")[1] move this Court for an injunction pending appeal.[2] Plaintiffs seek an injunction by Friday, December 9, 2022,

---

[1] Plaintiff Wabtec Corp. does not join this motion.

[2] No appeal is currently pending. Although no notice of appeal has yet been filed, that is not a prerequisite for relief under Rule 62(d) if there is reason to believe an appeal will be taken. *See Nat'l Fisheries Inst. v. U.S. Bur. of Customs & Border Prot.*, 34 C.I.T. 1539, 1541 (2010). If proper relief cannot be obtained from this Court then, at this time, Plaintiffs intend to notice an appeal. Plaintiffs further reserve the right to file a motion to alter or amend the judgment, or for relief from the judgment, pursuant to Rules 59(e) and 60(b).

that, pending an appeal, forbids defendants, the U.S. International Trade Commission and Acting Secretary Katherine M. Hiner (together, "Commission"), from allowing counsel for the defendant-intervenor, the Coalition of Freight Rail Producers ("Coalition"), any access to the antidumping and countervailing duty investigations before the Commission styled *Certain Freight Rail Couplers and Parts Thereof from China and Mexico*, USITC Inv. Nos. 701-TA-682 and 731-TA-1593-1593 ("Current Investigations"). Plaintiffs' requested injunction mirrors the language of the injunction issued in *Makita Corp. v. United States*, 17 C.I.T. 240, 819 F. Supp. 1099, 1108 (1993). For clarity, Plaintiffs do not seek to enjoin release before December 9, 2022 of Plaintiffs' business proprietary information in the Current Investigations.

Rule 8(a)(1)(C) and Rule 62(d) authorize the Court to grant an injunction pending appeal. The determination "is governed by four factors, the first two of which are the most critical: (1) whether the stay applicant had made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of the order will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 428 F. App'x 987, 987 (Fed. Cir. 2011); *see also RSI (India) Pvt., Ltd. v. United States*, 12 C.I.T. 1059, 699 F. Supp. 929, 931 (1988). Each of those factors support an injunction here.

*First*, Plaintiffs reiterate their position that they are likely to succeed on the merits of each of the causes of action asserted in their Verified Amended Complaint. Rather than restate their extensively briefed arguments, Plaintiffs incorporate their prior analysis here. *See, e.g.*, ECF Nos. 17 at 11-18; ECF No. 48-1 at 13-28; ECF No. 50 at 1-15; ECF No. 61 at 2-6; ECF No. 62 at 11-33; ECF No. 70 at 2-3; ECF No. 79 at 1-4. Both the Coalition's counsel's disabling conflict of

interest and, independently, potential violation of the Administrative Protective Order (if proven) are grounds for disqualification.

The Court's recent Opinion and Order, ECF No. 80, began and ended with subject-matter jurisdiction. Although the Court concluded it lacks jurisdiction under 28 U.S.C. § 1581(i) because jurisdiction under § 1581(c) is not manifestly inadequate, *see id.* at 17-30, to issue an injunction pending appeal, it "will ordinarily be enough that the plaintiff has raised serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation and thus for more deliberative investigation." *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) (internal quotation marks omitted). Here, "serious" and "substantial" legal questions should cause the Court to redeliberate its jurisdictional conclusion.

Plaintiffs explained the Court's legal error in their recently filed opposition to the motion to dismiss the related case, *Amsted Rail Company, Inc. et al. v. U.S. Department of Commerce et al.*, No. 22-00316 (C.I.T. filed Oct. 31, 2022) (Katzmann, J.) ("Related Case"), Related Case ECF No. 33.[3] Plaintiffs incorporate here their analysis in that filing. Critically, the Court improperly shifted the burden to Plaintiffs to identify specific client confidences ARC shared with the Coalition's counsel, as well as how those confidences are relevant to the Current Investigations. *See* ECF No. 25-30. The law does not require—and in fact expressly forbids—the very evidentiary showing the Court demands. The Court's conclusion otherwise constitutes reversible error. *See United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016) (the "district court erred in shifting the burden to [the former client] to identify confidences it had shared with its counsel," including erring by "fault[ing]" the former client for failing to show "how its confidences would be relevant in the case"); *Chugach Elec. Ass'n v. U. S. Dist. Ct.*, 370 F.2d 441, 444 (9th Cir. 1966)

---

[3] For the Court's convenience, a copy of that filing is attached hereto as Exhibit 1.

(the district court erred by imposing on the former client "the burden of specifying the secret and confidential information which was available to [its former counsel]").

Notably, the Court's evidentiary standard is incompatible with *Makita*. Under *Makita*, "'it matters not whether confidences were in fact imparted to the lawyer by the client.'" *Id.* at 1107 (quoting *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980)). *Makita* thus did not *require* a detailed evidentiary showing, even if one was actually made there. *Makita* emphatically rejected the need for such a showing:

> The former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client. The Court will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation. *It will not inquire into their nature and extent.*

*Id.* at 1105 (quoting *T.C. Theatre Corp. v. Warner Bros. Pictures*, 113 F. Supp. 265, 268 (S.D.N.Y. 1953)) (emphasis added).

Although Plaintiffs should not be put to the burden of satisfying a legally flawed evidentiary standard, they are nonetheless able to allege specific, non-exhaustive examples of shared confidences that the Coalition and its counsel could use against Plaintiffs in the Current Investigations. And Plaintiffs have now done exactly that in their Amended Verified Complaint in the Related Case.[4] In addition, Plaintiffs can allege—and in the Related Case have alleged—under penalty of perjury as follows:

> Between June 2021 and September 2021, ARC and the Attorney worked together extensively (via correspondence and telephone calls) to prepare the petition for the Predecessor Investigations. ARC and the Attorney discussed sensitive marketplace conditions and proprietary analysis of Plaintiffs' and competitors' products. Additionally, strategies for the development of the ultimate product

---

[4] For the Court's convenience, a copy of that filing is attached hereto as Exhibit 2.

4

scope definition were discussed. ARC provided key input into the petition filed in the Predecessor Investigations. After the petition was filed, the Attorney had access to and likely reviewed numerous documents submitted under the Predecessor APO that contained confidential information regarding Plaintiffs' competition, distribution practices, pricing practices, operations, and sales figures, among other confidential information. As a result of all this, the Attorney became aware of specific categories of information relevant to Plaintiffs' position in both the Predecessor and Current Investigations. Those categories of information extend far beyond what Plaintiffs would have otherwise revealed under the Predecessor APO.

*Cf.* ECF No. 80 at 26-27. Verified pleadings are, of course, competent evidence. *See Taylor v. Riojas*, 141 S. Ct. 52, 53 n.1 (2020); *J. Conrad LTD v. United States*, 457 F. Supp. 3d 1365, 1376 n.9 (C.I.T. 2020). Importantly, Plaintiffs have never argued that they *cannot* allege these sorts of facts; they have instead argued (correctly) that they *need not* allege them. Accordingly, the Court should find that the first factor—likelihood of success—is met here.

    *Second*, Plaintiffs will be irreparably harmed without an injunction pending appeal. The analysis here merges somewhat with the jurisdictional analysis. The question of irreparable harm also has been extensively briefed. *See, e.g.*, ECF No. 17 at 19; ECF No. 48-1 at 29-30; ECF No. 50 at 15-18; ECF No. 79 at 3. Again, rather than restate their extensively briefed arguments, Plaintiffs incorporate their prior analysis here. In short, the unfair advantage enjoyed by the Coalition as a result of its counsel's disabling conflict of interest arising from his representation of ARC in a substantially related matter is not something the Commission or the courts can "undo" following final determinations. The harm is ongoing in nature and will taint the entire proceedings. Thus, irreparable harm will occur without an injunction pending appeal.

    *Third*, an injunction pending appeal would not inflict sufficiently substantial harm on the Commission or the Coalition. Like the other factors, the question of hardship has been extensively

briefed before, and Plaintiffs incorporate their prior analysis here. *See, e.g.*, ECF No. 17 at 19-20; ECF No. 48-1 at 30; ECF No. 50 at 18-19; ECF No. 61 at 6.

Stated succinctly, as to the Commission, it will endure no cognizable injury because governmental bodies "do[] not have an interest in the enforcement of [illegal government action]." *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013). Nor does the Commission have an interest in the Coalition's choice of counsel. "Whatever the role of the government in the proceedings at bar, the participation or nonparticipation of [the Coalition's counsel] in them does not portend any harm to the [Commission] or its weighty responsibilities, but the same cannot be said of the plaintiff subjects of the agency's investigations." *Makita*, 819 F. Supp. at 1107.

As to the Coalition, the Current Investigations are in their early stage. And, regardless of any inconvenience the Coalition may experience, it cannot outweigh the serious ongoing harm to Plaintiffs. *See Dynamic 3D Geosolutions LLC v. Schlumberger Ltd. (Schlumberger N.V.)*, 837 F.3d 1280, 1291 (Fed. Cir. 2016) ("forcing [the former client's adversary] to break new ground with a fresh complaint and clean docket rather than to continue drawing from a poisoned well" did not outweigh "the potential for prejudice [that] would continue from the improper use of [the former client's] confidential information"); *EZ Paintr Corp. v. Padco, Inc.*, 746 F.2d 1459, 1461 (Fed. Cir. 1984) (if client confidences passed to a former attorney that could be used in a substantially related matter, "that would plainly be ground for disqualification in the circumstances here").

*Fourth*, and finally, the public interest would be best served by an injunction pending appeal. Plaintiffs have briefed this issue as well, which is incorporated herein by reference. *See, e.g.*, ECF No. 17 at 20; ECF No. 48-1 at 30-31; ECF No. 50 at 18-19.

"As for the public, its interest therein is the fair and efficient administration of U.S. trade laws, as well as the appearance of such administration in the eyes of all who come within their

realm." *Makita*, 819 F. Supp. at 1107. "Clearly, that interest would not be enhanced by dismissing this case summarily." *Id.* If interested parties to pending or future trade investigations harbor doubts about the integrity of proceedings tainted by a petitioner's counsel's conflict of interests—doubts sown here by the Commission's refusal to disqualify—then the Commission's task becomes much more difficult and the public interest suffers. *See id.* "The public interest is served," moreover, "by ensuring that governmental bodies comply with the law." *Am. Signature, Inc. v. United States*, 598 F.3d 816, 830 (Fed. Cir. 2010).

*       *       *       *       *

For these reasons, Plaintiffs respectfully request that the Court enter an injunction forbidding the Commission from allowing the Coalition's counsel any access to the Current Investigations while Plaintiffs pursue an appeal.

Dated: November 18, 2022

Andrew T. Schutz
Ned H. Marshall
GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP
599 Lexington Avenue, 36th Floor
New York, NY 10022
(212) 557-4000

*Counsel for Plaintiff*
*Strato, Inc.*

James M. Smith
Shara L. Aranoff
Sooan (Vivian) Choi
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

*Counsel for Plaintiff*
*TTX Company*

Respectfully submitted,

*/s/ Richard P. Ferrin*
Douglas J. Heffner
Brian P. Perryman
Richard P. Ferrin
Carolyn Bethea Connolly
FAEGRE DRINKER
BIDDLE & REATH LLP
1500 K Street, NW, Suite 1100
Washington, DC 20005
(202) 230-5000

*Counsel for Plaintiffs*
*Amsted Rail Company, Inc. and*
*ASF-K de Mexico S. de R.L. de C.V.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the attached

**PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL** contains 1,977 words,

according to the word-count function of the word processing system used to prepare this brief

(Microsoft Office for Microsoft 365).

Dated: November 18, 2022                          */s/ Richard P. Ferrin*
                                                  Richard P. Ferrin

US.354056586.02