Slip Op. 22-147

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMSTED RAIL COMPANY, INC., ASF-K DE MEXICO S. DE R.L. DE C.V., STRATO, INC., WABTEC CORP. AND TTX COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES INTERNATIONAL TRADE COMMISSION, and ACTING SECRETARY KATHERINE M. HINER, in her official capacity, <br><br> Defendants, <br><br> and <br><br> COALITION OF FREIGHT RAIL COUPLER PRODUCERS, <br><br> Defendant-Intervenor. | Before: Judge Gary S. Katzmann <br> Court No. 22-00307 |

## OPINION AND ORDER

[Certain Plaintiffs' Motion for Injunction Pending Appeal is denied.]

Dated: December 20, 2022

Brian B. Perryman, Faegre Drinker Biddle & Reath, LLP, of Washington, D.C., argued for Plaintiffs Amsted Rail Company, Inc. and ASF-K de Mexico S. de R.L. de C.V. With him on the briefs were Richard Ferrin, Douglas J. Heffner and Carolyn Bethea Connolly.

Ryan M. Proctor, Jones Day, of Washington, D.C., for Plaintiff Wabtec Corp.

Ned H. Marshak, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, N.Y., argued for Plaintiff Strato, Inc. With him on the joint briefs was Andrew T. Schutz.

James M. Smith, Covington & Burling LLP, of Washington, D.C., argued for Plaintiff TTX Company. With him on the joint briefs were Shara L. Aranoff and Sooan (Vivian) Choi.

Andrea C. Casson, Assistant General Counsel for Litigation and Jane C. Dempsey, Attorney-Advisor, Office of the General Counsel, U.S. International Trade Commission, of Washington, D.C., argued for Defendants U.S. International Trade Commission and Acting Secretary Katherine M. Hiner, in her official capacity. With them on the briefs were David A.J. Goldfine.

Daniel B. Pickard, Buchanan Ingersoll & Rooney PC, of Washington, D.C., argued for Defendant-Intervenor Coalition of Freight Rail Producers. With him on the briefs were Amanda L. Wetzel and Claire M. Webster.

Katzmann, Judge: The court, having denied a motion for preliminary injunction in this case for lack of subject matter jurisdiction, is now asked to order similar injunctive relief during the pendency of an expected appeal. Certain Plaintiffs Amsted Rail Company, Inc., ASF-K de Mexico S. de R.L. de C.V., Strato, Inc., and TTX Company[1] (together, "Plaintiffs") move pursuant to USCIT Rule 62(d) for an injunction pending appeal of the Judgment, Nov. 15, 2022, ECF No. 82, in this case. See Certain Pls.' Mot. for Inj. Pending Appeal at 1 n.1, Nov. 18, 2022, ECF No. 89 ("Pls.' Br."); see also Amsted Rail Co. v. U.S. Int'l Trade Comm'n, 46 CIT __, __ F. Supp. 3d __, 2022 WL 16959404 (Nov. 15, 2022) ("November 15 Opinion"). Plaintiffs seek "an injunction . . . that, pending an appeal, forbids defendants, the U.S. International Trade Commission and Acting Secretary Katherine M. Hiner . . . , from allowing counsel for the defendant-intervenor, the Coalition of Freight Rail Producers . . . , any access to the antidumping and countervailing duty investigations before the Commission." See Pls.' Br. at 1–2; see also Certain Freight Rail Couplers and Parts Thereof from China and Mexico, USITC Inv. Nos. 701-TA-682 & 731-TA-1592-1593 ("Current Investigations").

As an initial matter, Plaintiffs' Motion for Injunction Pending Appeal is premature because an appeal to the Federal Circuit has not yet been noticed. But even if an appeal were noticed, the

---

[1] Plaintiff Wabtec Corp. does not join the Motion for Injunction Pending Appeal.

court concludes that an injunction pending appeal is unwarranted. Plaintiffs' Motion for Injunction Pending Appeal is therefore denied.

## BACKGROUND

This opinion presumes familiarity with the facts and holding of Amsted Rail. See 46 CIT __, __ F. Supp. 3d __, 2022 WL 16959404. Plaintiffs alleged that counsel for Defendant-Intervenor the Coalition of Freight Coupler Producers (the "Coalition" or "Defendant-Intervenor") and his law firm engaged in attorney misconduct because they had violated the U.S. International Trade Commission's ("the Commission") administrative protective order ("APO") by using business proprietary information ("BPI") for improper purposes, and continued to participate in ongoing investigations before the Commission despite a disabling conflict of interest. See generally id. at *2–4. Asserting jurisdiction pursuant to 28 U.S.C. § 1581(i),[2] Plaintiffs sought, under the Administrative Procedure Act, 5 U.S.C. § 706, immediate review in this court of the Commission's actions denying further review of these claims, and sought declaratory and injunctive relief to block disclosure of Plaintiffs' BPI to the attorney and law firm for the remainder of the Current Investigations, disqualification of the law firm from participating in the investigations, and directive to the Commission to dismiss the petition that initiated the Current Investigations without prejudice to refiling. See Am. Verified Compl. or, in the Alternative, Petition for Writ of Mandamus at ¶ 1, pp. 26–27, Oct. 24, 2022, ECF No. 44. Plaintiffs alternatively pleaded jurisdiction pursuant to the court's power to supervise members of its bar and as a petition for writ of mandamus. See id. at ¶¶ 2–3, pp. 25–26. The court issued the Judgment

---

[2] 28 U.S.C. § 1581(i) grants to "the Court of International Trade . . . exclusive jurisdiction of any civil action commenced against the United States, its agencies, or officers, that arises out of any law of the United States providing for . . . [the] administration and enforcement" of "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 U.S.C. § 1581(i)(1)(B), (D).

Court No. 22-00307　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

on November 15, 2022, which dismissed the case for lack of subject matter jurisdiction. See Judgment at 1. The accompanying opinion found unpersuasive the Commission's argument that that 28 U.S.C. § 1677f precluded jurisdiction over Plaintiffs' claims, see Amsted Rail, 46 CIT at __, __ F. Supp. 3d at __, 2022 WL 16959404, at *6–7, but explained that jurisdiction pursuant to 28 U.S.C. § 1581(i) was ultimately improper because § 1581(c)[3] jurisdiction was not manifestly inadequate, see id. at *7–13. Alternative bases for jurisdiction were otherwise unavailable. See id. at *13–14. The Amended Complaint was therefore "dismissed for lack of subject matter jurisdiction, without prejudice to refiling once a claim under 28 U.S.C. § 1581(c) is ripe." Id. at *14. The court made clear that its "holding expresse[d] no views on the merits of Plaintiffs' claims." Id. at *4 n.4, *11.

　　　Three days later, Plaintiffs filed the present Motion for Injunction Pending Appeal and requested a decision by December 9, 2022. See Pls.' Br. at 1–2. The court issued two questions to Plaintiffs on November 29, 2022, see Order, Nov. 29, 2022, ECF No. 90, to which Plaintiffs replied the next day, see Certain Pls.' Resp. to Order, Nov. 30, 2022, ECF No. 91. Defendant Commission and Defendant-Intervenor Coalition filed responses to Plaintiffs' Motion on December 6, 2022. See Def.-Inter.'s Resp. to Mot. for Inj. Pending Appeal, Dec. 6, 2022, ECF No. 94 ("Def.-Inter.'s Br."); Def.'s Opp. to Certain Pls.' Mot. for Inj. Pending Appeal, Dec. 6, 2022, ECF No. 95 ("Def.'s Br."). The court held oral argument the next day. See Oral Arg., Dec. 7, 2022, ECF No. 96. The court invited parties to file post-hearing submissions, and on December 8, 2022, Plaintiffs and Defendant-Intervenor filed such submissions. See Def.-Inter.'s Post-

---

[3] 28 U.S.C. § 1581(c) grants to "[t]he Court of International Trade . . . exclusive jurisdiction of any civil action commenced under section 516A or 517 of the Tariff Act of 1930." 28 U.S.C. § 1581(c).

Argument Submission, Dec. 8, 2022, ECF No. 98; Pls.' Post-Argument Submission, Dec. 8, 2022, ECF No. 99.

## DISCUSSION

The federal district courts and the Court of International Trade may issue injunctions appropriate to "preserve the status quo until decision by the appellate court." Newton v. Consolidated Gas Co. of N.Y., 258 U.S. 165, 177 (1922); see also 28 U.S.C. § 1585 (granting to the Court of International Trade "all the powers in law and equity of, or as conferred by statute upon, a district court of the United States"). USCIT Rule 62(d), like Federal Rule of Civil Procedure 62(d), codifies that principle. Cf. 11 Charles Alan Wright et al., Federal Practice and Procedure § 2904 (3d ed. 2022). "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." USCIT R. 62(d); see also Fed. R. Civ. P. 62(d) (mirroring this language). Because the court denied as moot Plaintiffs' two motions for preliminary injunction, see Judgment at 2, and vacated the prior Temporary Restraining Order, see Order at 1, Nov. 15, 2022, ECF No. 81, Plaintiffs, though they have not yet noticed an appeal to

the Federal Circuit,[4] now petition the court for an injunction pending appeal pursuant to USCIT Rule 62(d).[5]

---

[4] Because the purpose of an injunction pending appeal is to "preserve the status quo until decision by the appellate court," Newton, 258 U.S. at 177, the text of Rule 62(d) requires "an appeal . . . pending from an interlocutory order or final judgment." USCIT R. 62(d). But "[w]hen there is reason to believe that an appeal will be taken, there is no reason why the district court should not make an order preserving the status quo during the expected appeal." Wright et al., Federal Practice and Procedure § 2904; see also Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot., 34 CIT 1539, 1541, 2010 WL 5139443, at *2 (Dec. 17, 2010) ("The lack of a pending appeal does not necessarily preclude the court from exercising its power to stay its judgment and in so doing modify the injunctive relief it has ordered in this case." (emphasis added)). Courts have routinely considered and denied injunctions pending appeal under the four-factor test even after noting that such relief may be premature without a notice of appeal. See, e.g., Nat'l Fisheries Inst., 34 CIT at 1541; Barber v. Simpson, No. 2:05-CV-2326, 2006 WL 2548189, at *4 (E.D. Cal. Sept. 1, 2006); Davila v. Texas, 489 F. Supp. 803, 810 (S.D. Tex. 1980).

"The moving Plaintiffs intend to notice an appeal of the judgment regardless of the outcome of the motion for an injunction pending appeal." Certain Pls.' Resp. to Order at 2, Nov. 30, 2022, ECF No. 91. Plaintiffs also note that the appeal may be "voluntarily dismissed before or after the appeal is docketed." Id. Because there is reason to believe Plaintiffs will appeal, the court decides the Motion for Injunction Pending Appeal.

[5] The Coalition suggests that the court does not have the authority to issue an injunction pending appeal after finding a lack of subject matter jurisdiction. See Def.-Inter.'s Br. at 2 ("It is a seminal principle of the law that, 'without proper jurisdiction, a court cannot proceed at all.'" (quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 84 (1998))). The general weight of the authority among district courts and the Court of International Trade indicates that courts may consider motions for injunction pending appeal after dismissal for lack of subject matter jurisdiction. See, e.g., Potter-Roemer, Inc. v. United States, 12 CIT 1150, 1152, 702 F. Supp. 911, 913 (1988) (granting injunction pending appeal); British Steel Corp. v. United States, 10 CIT 716, 719, 649 F. Supp. 78, 81 (1986) (granting injunction pending appeal). But see Blue Valley Hosp., Inc. v. Azar, No. 18-2176, 2018 WL 2986686, at *2 (D. Kan. June 14, 2018) ("[I]t follows that this Court also lacks the authority to provide injunctive relief . . . pending appeal."); Farrell-Cooper Mining Co. v. U.S. Dep't of the Interior, No. CIV-16-12, 2016 WL 4097091, at *3 (E.D. Okla. Aug. 1, 2016) (questioning its authority but nonetheless granting the injunction); Peak Med. Okla. No. 5, Inc. v. Sebelius, No. 10-CV-597, 2010 WL 4809319, at *1 n.2 (N.D. Okla. Nov. 18, 2010) (collecting cases both affirming and questioning their authority to issue post-judgment relief).

Even though Peak Medical is not precedential, the court acknowledges the concern that there may be an "inherent inconsistency in ruling on an injunction pending appeal after finding the absence of subject matter jurisdiction," 2010 WL 4809319, at *1 n.2, and notes the lack of Federal Circuit authority on the issue. The court nonetheless proceeds to consider Plaintiffs' Motion for Injunction Pending Appeal by relying on two longstanding principles: "a federal court always has jurisdiction to determine its own jurisdiction," United States v. Ruiz, 536 U.S. 622, 628 (2002), and "a court

But even when awarded on a temporary basis pending appeal, injunctive relief "is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 24 (2008). An injunction pending appeal requires the satisfaction of four factors: "(1) whether the [injunction] applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the [injunction] will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Standard Havens Prods., Inc. v. Gencor Indus., Inc., 897 F.2d 511, 512 (Fed. Cir. 1990) (internal quotation marks omitted) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also Nken v. Holder, 556 U.S. 418, 425–26 (2009). Each of the four factors must be demonstrated, Trebro Mfg., Inc. v. Firefly Equip., LLC, 748 F.3d 1159, 1166 (Fed. Cir. 2014), though a strong showing of irreparable harm may permit "a reduced showing of probability of success" on the merits, Silfab Solar, Inc. v. United States, 892 F.3d 1340, 1345 (Fed. Cir. 2018) (interpreting Winter, 555 U.S. 7).

First, Plaintiffs fail to demonstrate a strong showing of success on the merits. "[I]t will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation." Standard Haven, 897 F.2d at 513 (internal quotation marks omitted) (quoting Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 740 (2d Cir. 1953)). While Plaintiffs' claims implicate "sensitive and time-honored questions of federal jurisdiction and agency power, protection of confidential information, and professional responsibility," Amsted Rail, 46 CIT at __, __ F. Supp. 3d at __, 2022 WL 16959404, at *1, the November 15 Opinion focused on Plaintiffs' burden to establish jurisdiction.

---

retains the power to grant injunctive relief to a party to preserve the status quo during the pendency of an appeal," Haw. Hous. Auth. v. Midkiff, 463 U.S. 1323, 1324 (1983).

"[T]he party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate." Amsted Rail, 46 CIT at __, __ F. Supp. 3d at __, 2022 WL 16959404, at *8 (internal quotation marks omitted) (alteration in original) (quoting Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987)). Having considered the relevant facts and case law, the court concluded that "Plaintiffs' allegations of attorney misconduct in this case, just like their APO breach allegations, are too threadbare to meet the more specific showing [of] manifest inadequacy under § 1581(i)." Amsted Rail, 46 CIT at __, __ F. Supp. 3d at __, 2022 WL 16959404, at *7–11 (emphasis added).

Plaintiffs contend that the November 15 Opinion "constitutes reversible error," Pls.' Br. at 3, because it "'erred in shifting the burden to [the former client] to identify confidences it has shared with its counsel,' including erring by 'fault[ing]' the former client for failing to show 'how its confidences would be relevant in the case,'" id. (alterations in original) (quoting United States v. Prevezon Holdings Ltd., 839 F.3d 227, 241 (2d Cir. 2016)); see also Chugach Elec. Ass'n v. U.S. Dist. Ct., 370 F.2d 441, 444 (9th Cir. 1966). Instead, Plaintiffs insist that this court adopt the approach in Makita Corp. v. United States, which reasoned that:

> [T]he former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client. The Court will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation. It will not inquire into their nature and extent.

Makita Corp. v. United States, 17 CIT 240, 246, 819 F. Supp. 1099, 1105 (1993) (quoting T.C. Theatre Corp. v. Warner Bros. Pictures, 113 F. Supp. 265, 268–69 (S.D.N.Y. 1953)).

Plaintiffs have not demonstrated a likelihood of success on this theory of jurisdiction. As an initial matter, the court did not "shift[] the burden" to Plaintiffs, where Plaintiffs bore the burden in the first place. Establishing § 1581(i) jurisdiction is a difficult task, see ARP Materials, Inc. v.

United States, 47 F.4th 1370, 1377 (Fed. Cir. 2022) ("Though we describe § 1581(i) as a 'catchall' provision, 'its scope is strictly limited.'" (quoting Norcal/Crosetti Foods, Inc. v. United States, 963 F.2d 356, 359 (Fed. Cir. 1992))), and for good reason.  Confronting Plaintiffs with this heavy burden "preserves the congressionally mandated procedures and safeguards provided in the other subsections, absent which litigants could ignore the precepts of subsections (a)–(h) and immediately file suit in the Court of International Trade under subsection (i)." Id. at 1377 (internal quotation marks omitted) (quoting Norcal/Crosetti Foods, 963 F.2d at 359).  The court, without speculating about fact patterns that would or would not meet the manifest inadequacy standard, reasoned that "manifest inadequacy under § 1581(i)" required "a more specific showing" than the facts before it.  Amsted Rail, 46 CIT at __, __ F. Supp. 3d at __, 2022 WL 16959404, at *11.  Put simply, the burden, which was always Plaintiffs' to meet, was not satisfied.

Moreover, even if the court were to conclude that a conflicted representation of two substantially related matters existed, Plaintiffs fail to identify any authority showing that such a finding is by itself sufficient to satisfy the burden of establishing jurisdiction under § 1581(i).  Intermingling jurisdiction and merits, Plaintiffs instead cite cases from the motion to disqualify case law, where evaluating the "substantial relationship" between two representations is the test for the remedy of disqualification.  See Prevezon Holdings, 839 F.3d at 239 (determining "whether disqualification is warranted" as a clear and indisputable right to the writ of mandamus); EZ Paintr Corp. v. Padco, Inc., 746 F.2d 1459, 1460–61 (Fed. Cir. 1984) (determining a substantial relationship existed on interlocutory appeal from a district court's order to disqualify counsel[6]);

---

[6] The Supreme Court had held that denials of disqualification motions were not subject to interlocutory appeal, see Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981), but had not yet held that grants of disqualification motions were also not collateral orders subject to interlocutory appeal, see Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 440–41 (1985).

Chugach Elec. Ass'n, 370 F.2d at 444 (entering a disqualification order by writ of mandamus). None of these cases used the "substantial relationship" test to satisfy the respective plaintiffs' burden of showing jurisdiction, let alone jurisdiction under § 1581(i).

Plaintiff's reliance on Makita is similarly misplaced. See 17 CIT 240, 819 F. Supp. 1099. The Makita court presumed jurisdiction under § 1581(i), see id. at 243, 245 & n.6, 819 F. Supp. at 1103–04 & n.6, then separately used the substantial relationship standard in evaluating the likelihood of success on the merits prong of the preliminary injunction sought in that case, see id. at 245–50, 819 F. Supp. at 1103–07 ("To summarize the preceding part C of this opinion, the plaintiffs have persuaded the court of the likelihood of their success on the merits . . . ."). The Makita court did not, and never purported to, undertake a jurisdictional analysis, let alone use the "substantial relationship" standard to somehow lessen the plaintiffs' burden of establishing § 1581(i) jurisdiction. This court declined on November 15, and declines again today, to speculate where the Makita court is silent.[7] The court instead reviewed Federal Circuit and Court of International Trade case law on § 1581(i) jurisdiction, see Amsted Rail, 46 CIT at __, __ F. Supp. 3d at __, 2022 WL 16959404, at *8–10 (citing NEC Corp. v. United States, 151 F.3d 1361 (Fed. Cir. 1998); Shakeproof Indus. Prods. Div. of Ill. Tool Works Inc. v. United States, 104 F.3d 1309 (Fed. Cir. 1997); Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. v. United States, 38 CIT __, 986 F. Supp. 2d 1381 (2014); Dofasco Inc. v. United States, 28 CIT 263, 326 F. Supp. 2d 1340

---

[7] The court reiterates:

> While the decisions of other trial courts are not binding, it is within the discretion of a court to consider and address them, particularly where they are cited and debated by the litigants, and facilitate the analysis of the case now before the court.

Amsted Rail, 46 CIT at __, __ F. Supp. 3d at __, 2022 WL 16959404, at *9 n.12 (citation omitted) (citing Algoma Steel Corp. v. United States, 865 F.2d 240, 243 (Fed. Cir. 1989)).

(2004), aff'd on other grounds, 390 F.3d 1370 (Fed. Cir. 2004); Carnation Enters. v. U.S. Dep't of Com., 13 CIT 604, 719 F. Supp. 1084 (1989); Koyo Seiko Co. v. United States, 13 CIT 461, 715 F. Supp. 1097 (1989); Nissan Motor Corp. v. United States, 10 CIT 820, 651 F. Supp. 1450 (1986)), and further found Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981), "persuasive in counseling against interlocutory appeals of attorney disqualification appeals." Amsted Rail, 46 CIT at __, __ F. Supp. 3d at __, 2022 WL 16959404, at *12.  Like the Firestone petitioners, Plaintiffs "fail[ed] to supply a single concrete example of the indelible stamp or taint of which [they] warn[ed]," id. (internal quotation marks omitted) (quoting Firestone, 449 U.S. at 376), and even if Plaintiffs had alleged additional facts,[8] "[t]he propriety" of an agency's denial of disqualification "will often be difficult to assess until its impact on the underlying [proceeding] may be evaluated, which is normally only after" a "final" determination, Firestone, 449 U.S. at 377.  Ultimately, "our cases . . . require much more before a ruling may be considered" manifestly inadequate absent immediate review under 28 U.S.C. § 1581(i).  Id. (internal quotation marks omitted) (quoting Firestone, 449 U.S. at 376).  The November 15 Opinion is clear:  Plaintiffs, who bear the burden of establishing § 1581(i), did not show that adequate relief would be unavailable if they waited for § 1581(c) review to ripen.[9]

---

[8] Plaintiffs allege additional facts in the Amended Verified Complaint of the related case brought against the U.S. Department of Commerce that, in their view, constitute "specific, non-exhaustive examples of shared confidences that the Coalition and its counsel could use against Plaintiffs in the Current Investigations."  Pls.' Br. at 4; see also Am. Verified Compl. or, in the Alternative, Pet. for Writ of Mandamus ¶¶ 29–40, Amsted Rail Co. v. U.S. Dep't of Com., No. 22-cv-00316 (CIT Nov. 18, 2022), ECF No. 36.  Those facts were not before the court in this case and will be considered independently in the related case.

[9] Plaintiffs further rely on the Federal Circuit in In re University of South Florida Board of Trustees, which noted that "[o]rders involving the disqualification of counsel can be remedied through a writ of mandamus," to argue that Plaintiffs have no "other means of obtaining the relief desired" for purposes of establishing § 1581(i) jurisdiction.  455 F. App'x 988, 990 n.1 (Fed. Cir. Jan. 12, 2012) (citing In re Shared Memory Graphics, LLC, 659 F.3d 1336, 1340 (Fed. Cir. 2011)).

Second, Plaintiffs fail to demonstrate irreparable harm absent an injunction pending appeal. Following the Commission's affirmative preliminary determinations in the Current Investigations on November 15, 2022, and the court's decision on the same day, the Commission released the BPI from the preliminary phase to all APO counsel, including the Coalition's signatories to the APO, on November 25, 2022. Def.'s Br. at 11. The Commission's final phase investigations, which must follow Commerce's preliminary and final investigations, will not be initiated for several months; the Commission will not collect any additional BPI before then. Id. Plaintiffs nonetheless insist that "the unfair advantage enjoyed by the Coalition as a result of its counsel's disabling conflict of interest arising from his representation of [Amsted Rail Company] in a substantially related matter is not something the Commission or the courts can 'undo' following final determinations. The harm is ongoing in nature and will taint the entire proceedings." Pls.' Br. at 5.

The Commission's argument to the contrary is more persuasive. As an initial matter, Plaintiffs can no longer tie their harm to the imminent release of BPI. "A presently existing, actual

---

That reading is overbroad. The Federal Circuit has not endorsed a categorical rule that the review of any attorney disqualification decision is appropriate for mandamus, let alone § 1581(i). See In re Shared Memory Graphics LLC, 659 F.3d at 1340 ("Mandamus thus acts as a safety valve to prevent such irreparable harm if appropriate circumstances are presented." (emphasis added) (citing Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 111 (2009))). Nor did the November 15 Opinion categorically "foreclose any interlocutory judicial review of APO breach or attorney misconduct allegations." Amsted Rail, 46 CIT at __, __ F. Supp. 3d at __, 2022 WL 16959404, at *12 n.16. Those two Federal Circuit cases involved parties petitioning for review of district court orders that had found a conflict of interest and implicated the right of petitioners to their choice of counsel in ongoing litigation. See In re Univ. of S. Fla., 455 F. App'x at 990 (reviewing district court decision to deny withdrawal motion after finding a "concurrent conflict of interest" for abuse of discretion); In re Shared Memory Graphics, 659 F.3d at 1339–40 (reviewing district court order disqualifying counsel). By contrast, Plaintiffs here seek immediate review of an agency's decision not to further investigate alleged ethical violations and, as this court has explained, are "unable to demonstrate that an order denying disqualification is 'effectively unreviewable'" under a § 1581(c) action. See Amsted Rail, 46 CIT at __, __ F. Supp. 3d at __, 2022 WL 16959404, at *9–14 (quoting Firestone, 449 U.S. at 376).

threat must be shown," Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983) (internal quotation marks omitted) (quoting S.J. Stile Assocs. Ltd. v. Snyder, 646 F.2d 522, 525 (C.C.P.A. 1981)), and that "threat of irreparable harm must be immediate and viable," Kwo Lee, Inc. v. United States, 38 CIT __, __, 24 F. Supp. 3d 1322, 1326 (2014). BPI was already released to the Coalition's signatories to the APO, and any future threat of BPI-related harm is not "immediate and viable" until the Commission initiates the final stages of its investigation in several months. In response, Plaintiffs argue that, with each passing day, "[t]he ongoing harm remains the Coalition's unfair advantage from its ability to exploit confidences and insights about Plaintiffs' Mexican FRC production and operations," even when the proceeding is not ongoing. Pls.' Post-Argument Submission at 2. But speculative harm cannot establish irreparability. See Otter Prods., LLC v. United States, 38 CIT __, __, 37 F. Supp. 3d 1306, 1315 (2014). The Commission investigation cannot proceed until Commerce issues preliminary and final determinations. The threat of irreparable harm in the intervening months, when neither the parties nor the Commission are engaged in an injury investigation, "must be 'demonstrated by probative evidence' and 'cannot be determined by surmise.'" Id. (citations omitted) (first quoting Am. Inst. for Imported Steel, Inc. v. United States, 8 CIT 314, 318, 600 F. Supp. 204, 209 (1984); then quoting Elkem Metals Co. v. United States, 25 CIT 186, 192, 135 F. Supp. 2d 1324, 1331 (2001)); see also Winter, 555 U.S. at 21 ("[P]laintiffs must demonstrate a likelihood of irreparable injury—not just a possibility—in order to obtain preliminary relief."). And without record evidence of imminent injury despite the statutorily-mandated, several-month hiatus on the Commission's investigations, Plaintiffs have not shown a threat of "immediate and viable" harm, Kwo Lee, Inc. v. United States, 38 CIT at __, 24 F. Supp. 3d at 1326, sufficient to justify an injunction pending appeal.

Finally, the balance of equities and public interest further weigh in favor of denial. Injunctions pending appeal are ordinarily limited to orders preserving the status quo. See Haw. Hous. Auth. v. Midkiff, 463 U.S. 1323, 1324 (1983); Newton, 258 U.S. at 177; Wright et al., Federal Practice and Procedure § 2904. While "there may be rare cases in which a court should issue an affirmative injunction pending appeal" in order to preserve a live controversy for appeal, MediNatura, Inc. v. Food & Drug Admin., No. CV 20-2066, 2021 WL 1025835, at *7 (D.D.C. Mar. 16, 2021), this is not such a case. The Coalition would be prematurely and irreversibly deprived of its counsel before the Commission without a final court decision squarely addressing the merits of the ethical misconduct claim. Furthermore, the Commission has cognizable interests in conducting injury investigations on the "fullest possible record, as the public interest requires," Def.'s Br. at 14, and soliciting party input when drafting its final investigation questionnaires, which would be hindered if the Coalition needed to get new counsel up to speed, see Def.'s Br. at 15. A post-judgment injunction removing the Coalition's counsel would, therefore, substantially injure the Coalition and Commission and run counter to the public interest.

Concluding that Plaintiffs have failed to meet any of the four factors for injunctive relief, the court declines to issue post-judgment relief that would disrupt the status quo and secure Plaintiffs' victory before decision on the merits. To be sure, Plaintiffs are entitled to their day in court. Claims of misconduct should be addressed in the appropriate fora, and the Commission's determinations should be subject to appropriate judicial review. But the issue before the court today is not whether, but when, Plaintiffs may seek judicial review. Plaintiffs may reformat their challenges to agency determinations not to investigate allegations of APO and ethical misconduct

Court No. 22-00307 Page 15

as part of a § 1581(c) challenge to a reviewable final determination by the Commission.[10]  See Amsted Rail, 46 CIT at __, __ F. Supp. 3d at __, 2022 WL 16959404, at *8, *14.  In the meantime, Plaintiffs may also move for expedited appeal before the Federal Circuit.  See Fed. Cir. R. 4.  As the Commission notes, however, the fact that appeal has not yet been noticed appears to undermine the urgency that Plaintiffs are asserting.

    For the foregoing reasons, Plaintiffs' Motion for Injunction Pending Appeal is denied.

    **SO ORDERED.**

/s/    Gary S. Katzmann
Judge

Dated: December 20, 2022
       New York, New York

---

[10] Congress and the case law have made clear that § 1581(c) challenges include "preliminary administrative actions . . . that will be incorporated in or superseded by the final determination," M S Int'l, Inc. v. United States, 44 CIT __, __, 425 F. Supp. 3d 1332, 1336–37 (2020), appeal voluntarily dismissed, No. 2020-1670, 2020 WL 9171126 (Fed. Cir. June 16, 2020) (citing Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. v. United States, 38 CIT __, __, 986 F. Supp. 2d 1381, 1384–85 (2014); H.R. Rep. No. 96-1235, at 48 (1980), reprinted in 1980 U.S.C.C.A.N. 3729, 3759–60), and "the procedural correctness of a [final] determination, as well as the merits," Miller & Co. v. United States, 824 F.2d 961, 964 (Fed. Cir. 1987).